ROBERT W. LAIRD AND PETER B. LAIRD, RESPONDENTS, *v.* RUSSELL G. ARNOLD, AS ADMINISTRATOR, ETC., OF ASHBEL H. ARNOLD, DECEASED, APPELLANT.

*Tombstone — a charge against the estate — action at law for the price thereof, against an administrator as such, proper. — effect of the administrator giving his individual note for the price.*

A tombstone was erected over the grave of the defendant's intestate by defendant's direction. After the tombstone was ordered the defendant said that he had not the money to pay for it, and at his request the plaintiffs accepted his individual note for its value.

In an action against the defendant as administrator, *held*, that the funeral expenses of the intestate were a charge upon his estate and that the defendant was liable in an action at law as administrator, unless he contracted with the plaintiffs solely in his individual capacity.

That as there was evidence tending to show that the defendant made the contract for the tombstone as administrator, and it did not appear that his individual note was not given merely as collateral to his original indebtedness as administrator, that the plaintiffs should not have been nonsuited.

APPEAL by the defendant from an order of the Monroe Special Term, setting aside a nonsuit ordered herein and granting a new trial.

*Daggert & Norton*, for the appellant.

*A. M. Bingham*, for the respondents.

SMITH, J.:

The action was brought to recover the price of a monument or tombstone, manufactured and furnished by the plaintiffs and erected by them over the grave of the defendant's intestate and the intestate's wife, at the request of the defendant, as administrator. It appeared at the trial, that after the tombstone was ordered, the defendant said that he had not the money to pay for it and requested the plaintiffs to take his note for it, which they did. At the close of the plaintiff's testimony the defendant moved for a nonsuit on the ground that the receiving of the individual note of the defendant was payment; that there was no evidence that he contracted the debt as administrator; that the debt proved is one against the defendant personally and not as administrator; and that if any cause of action exists against the estate, it is an equitable one and not an action at law. The motion for a nonsuit was granted and the plaintiffs excepted.

In the case of *Dalrymple* v. *Arnold, admr.* (21 Hun, 110), which was an action against this same defendant, as administrator, for the price of the coffins in which the intestate and his wife were buried, we held that the funeral expenses of the intestate and those of his wife were a charge upon his estate. The case of *Patterson* v. *Patterson* (59 N. Y., 574), was cited as authority. Reference was also had to section 1, title 4, chapter 6, part 2 of the Revised Statutes, as amended by chapter 267 of the Laws of 1874. Our decision was published after this cause was tried, and it is understood that in consequence of it, the learned judge who tried the cause, set aside the nonsuit. Adhering to that decision we hold that the defendant was liable as administrator, unless the plaintiff contracted with him solely in his individual capacity. There was some evidence tending to show that the defendant contracted as administrator, and for aught that appears, the note, which seems to

have been given subsequently to the making of the contract, was merely collateral to the original indebtedness. At least, the evidence on those points justified the plaintiff's request that the case be submitted to the jury.

The order should be affirmed.

TALCOTT, P. J., and HARDIN, J., concurred.

Order appealed from affirmed.